OPINION
Appellant, Ramona Davis, appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, adopting a magistrate's report granting appellee, Mollie D. Howard, visitation with Ramona's children, Brandon Steven Carl Davis and Courtney Davis.
Brandon was born on July 3, 1990. At that time, Ramona and the children's father, Steven Howard, were drug addicts, and Steven's mother, Mollie, became Brandon's custodian on December 20, 1991. Courtney was born on August 2, 1994. She tested positive for cocaine when born and became a ward of Warren County Children Services on August 5, 1994. Mollie did not seek custody of Courtney, because she felt that she could not provide proper care due to her own age and responsibilities with Brandon.
In March 1996, Ramona sought to be reunified with her children. At that time, Brandon was in Mollie's care and Courtney had been in alternative placement for her entire life. On July 10, 1996, the magistrate ordered that Ramona be reunified with her children, effective June 6, 1996. The magistrate awarded Mollie visitation with the children on alternating weekends, from Friday afternoon to Sunday afternoon.
On July 10, 1996, Ramona moved to Florida with the children. She did not seek leave of court to move, and Mollie had yet to have a single visitation with the children. On July 26, 1996, Mollie filed a motion in the trial court to reconsider visitation. On January 15, 1997, the magistrate awarded Mollie twenty consecutive days of visitation with Brandon each summer, with transportation costs evenly divided between Mollie and Ramona. The magistrate refused to grant visitation with Courtney because there was a lack of a relationship between Courtney and Mollie.
Mollie visited the children in Florida in 1997, and Brandon visited her in Ohio in the summers of 1998 and 1999. Brandon also visited over the Christmas holidays in 1997 and 1998. These trips were paid for solely by Mollie.
On January 29, 1999, Mollie filed in the trial court a motion to reconsider visitation. In this motion, Mollie requested visitation with Courtney, because Courtney was older and Mollie believed that she could now travel by airplane. In a decision filed on April 8, 1999, clarified on April 28, 1999, the magistrate awarded Mollie visitation with Courtney in Ohio for one week in the summer of 2000. Thereafter, Courtney would visit with Mollie for twelve consecutive days during the summer of every year, with the costs divided between Mollie and Ramona. The existing visitation arrangements concerning Brandon were continued.
Both parties filed objections to the magistrate's decision. The trial court held an objections hearing, and on June 25, 1999, the trial court filed its decision. The trial court continued the visitation arrangements for Brandon. The trial court adopted the magistrate's recommendation concerning visitation for Courtney. Costs were divided between Mollie and Ramona. Although the trial court did not order Christmas visitations, it strongly encouraged the parties to continue their past practices regarding the holidays.
Ramona appeals, raising two assignments of error. We address the assignments of error together.
Assignment of Error No. 1:
 THE GRANTING OF GRANDPARENT VISITATION WITH COURTNEY IS AN ABUSE OF DISCRETION AND IS NOT SUPPORTED BY THE EVIDENCE.
Assignment of Error No. 2:
 REQUIRING MOTHER TO PAY FOR ONE-HALF OF THE TRANSPORTATION COSTS IS AN ABUSE OF DISCRETION.
 In her assignments of error, Ramona contends that the trial court erred by granting visitation to Mollie. She argues that the trial court's decision is not supported by the evidence, and that trial court disregarded her financial situation when dividing transportation costs between the parties.
The trial court is granted wide discretion in determining whether to grant grandparent visitation and in fashioning grandparent visitation rights where such are in the child's best interest. See Johntonny v. Malliski (1990), 67 Ohio App.3d 709,714, jurisdictional motion overruled, 55 Ohio St.3d 715; Detlingv. Stottler (Sept. 22, 1999), Belmont App. No. 96-BA-15, unreported. "Abuse of discretion" connotes that the trial court's judgment was unreasonable, arbitrary, or unconscionable. An abuse of discretion will be found where the trial court's decision is without a reasonable basis or is not supported by competent, credible evidence. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401.
Grandparent visitation rights respecting a child born to an unmarried woman are governed by R.C. 3109.12, which provides:
 (A) * * * If a child is born to an unmarried woman and if the father of the child has acknowledged the child pursuant to section 2151.23.2, 3111.21.1, or 5101.31.4 of the Revised Code or has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child, the father, the parents of the father, and any relative of the father may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with respect to the child.
 (B) The court may grant the companionship or visitation rights requested under division (A) of this section, if it determines that the granting of the companionship or visitation rights is in the best interests of the child. In determining whether to grant any person reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.05.1 of the Revised Code. Divisions (C), (K), and (L) of section 3109.05.1 of the Revised Code apply to the determination of reasonable companionship or visitation rights under this section and to any order granting any such rights that is issued under this section.
 The relevant factors set forth in R.C. 3109.05.1(D) include, as relevant to cases concerning grandparent visitation rights:
 (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity * * *;
 (2) * * * [I]f the person who requested companionship or visitation is not a parent, the geographical location of that person's residence and the child's residence;
 (3) The child's and [grandparent's] available time, including but not limited to, [the grandparent's] employment schedule, the child's school schedule, and the child's and the [grandparent's] holiday and vacation schedule;
(4) The age of the child;
* * *
 (6) If the court has interviewed the child in chambers * * * regarding the wishes and concerns of the child as to visitation by the * * * grandparent * * * who requested the companionship or visitation, as to a specific visitation schedule, or as to other visitation matters, the wishes and concerns of the child, as expressed to the court;
(7) The health and safety of the child;
* * *
(9) The mental and physical health of all parties;
 (10) Each parent's willingness to reschedule missed visitation and to facilitate the [grandparent's] visitation rights, and if the person who requested companionship or visitation is not a parent, the willingness of that person to reschedule missed visitation;
* * *
 (12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving an act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;
* * *
 (15) Any other factor in the best interest of the child.
 Nothing in R.C. 3109.05.1(D) requires that the trial court expressly set out in its judgment entry how it considered the individual statutory factors. See In re Skinner (Mar. 23, 1994), Adams App. No. 93CA547, unreported. Nonetheless, the trial court must make a specific finding that it is in the child's best interest to grant grandparent visitation rights, and the record should, in the least, provide some indication that the statutory factors were considered in making this determination. R.C. 3109.12(B); Skinner.
Once the trial court has made the determination that grandparent visitation rights should be granted, it is free to exercise its statutory discretion in fashioning those rights,Johntonny, 67 Ohio App.3d at 714, and in deciding other visitation matters. Gatliff v. Gatliff (1993), 89 Ohio App.3d 391,397. When determining other matters relating to the awarded visitation, including transportation costs, the trial court must still consider the best interest of the child. R.C. 3109.51(D);Gatliff, 89 Ohio App.3d at 396-397.
In the instant case, the record does not indicate that either the magistrate or the trial court considered Courtney's best interest in fashioning visitation with Mollie or in dividing transportation costs between Mollie and Ramona. Without some indication that Courtney's best interest was considered, we cannot properly review the trial court's decision regarding visitation. Therefore, we must vacate the visitation award and remand the cause so that the trial court may properly consider Courtney's best interest and include its determination of her best interest on the record.
We are also concerned that the trial court awarded Mollie twelve days of visitation with Courtney and twenty days of visitation with Brandon. As noted in the court below and in arguments before this court, this arrangement would mean that Courtney, a six-year-old girl, would be required to travel alone either to or from her visitation with Mollie. This arrangement may not be in Courtney's best interest. Thus, when the trial court reconsiders visitation and transportation costs, we suggest that the lower court consider whether Mollie's visitation with Courtney and Brandon should be for the same period of time, if only because the children can then travel together. This could be a much better arrangement in light of Brandon's older age.
Judgment vacated and remanded for proceedings consistent with this opinion.
POWELL, P.J., concurs.
WALSH, J., dissents.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, vacated and remanded to the trial court for further proceedings according to law and consistent with the opinion filed the same date as this judgment entry.
It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Presiding Judge
William W. Young, Judge
James E. Walsh, Judge